UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| ALVIN HUBBARD, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> PARKPLACE HOMES, LLC, *et al.*, <br><br> **Defendants.** | CIVIL ACTION NO. 6:20-194-KKC <br><br> **OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Plaintiffs' motion to vacate the Court's previous order dismissing 21st Mortgage Corporation and to remand this action to Knox Circuit Court. (DE 24.) Defendants Southern Energy Homes and Parkplace Homes both having responded (DEs 27, 28) and Plaintiffs having declined to reply, the matter is now ripe for the Court's review. For the reasons set forth herein, Plaintiffs' motion (DE 24) is DENIED WITH PREJUDICE (as to the reconsideration issue) and DENIED WITHOUT PREJUDICE (as to the remand issue) and further briefing is required.

I.

This action arises out of a dispute between Plaintiffs Alvin and Jenny Hubbard and Defendants SE Homes and Parkplace Homes over Parkplace's sale to Plaintiffs of a home manufactured by SE Homes. (DE 1.) Plaintiffs originally filed a complaint in Knox Circuit Court in January 2020 alleging what appear to be breach of contract and negligence claims against Parkplace. (DE 1-1.) Plaintiffs filed a First Amended Complaint in February 2020 (DE 1-2), followed by a Second Amended Complaint in September 2020 (DE 1-8), which added as defendants 21st Mortgage Corporation and SE Homes (identified as "CMH Manufacturing,

1

Inc."). The Second Amended Complaint alleges various torts and other state law claims, as well as a claim under the Magnuson-Moss Warranty Act. 15 U.S.C. §§ 2310, *et seq*. After the Second Amended Complaint was filed, Parkplace removed the action to this Court on the basis of federal question jurisdiction flowing from the Magnuson-Moss claim. (DE 1.)

Almost a month after removal, Plaintiffs filed an "Objection" to the notice of removal. (DE 5.) Following the "Objection," 21st Mortgage filed a motion to dismiss (DE 12)—to which Plaintiffs did not respond—and Plaintiffs filed a stipulation stating that they would not seek or accept an amount of damages in excess of $49,999.99, exclusive of interest and costs. (DE 19.) The Court dismissed 21st Mortgage as a defendant and found that Plaintiffs' "Objection" did not constitute a motion for remand. (DE 22.)

In August 2021, Plaintiffs filed a motion (DE 24) to vacate the Court's order dismissing 21st Mortgage and remand the case to Knox Circuit Court for lack of jurisdiction. SE Homes and Parkplace responded to the motion (DEs 27, 28), Plaintiffs declined to reply, and the matter is now ripe for the Court's review.

## II. Motion to Vacate

Because Plaintiffs do not cite any legal basis for or argument in support of their "motion to vacate," the Court will generously assume that Plaintiffs intended to file a motion for reconsideration of an interlocutory order. The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but Courts of Appeals have recognized that district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b). *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004). Courts generally find justification for such a reconsideration when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

2

Plaintiffs do not point to any of the above possible justifications for reconsideration, and the Court is equally unable to identify one. There has been no intervening change to the motion to dismiss standard; there has been no new evidence presented; and the Court sees no clear error or manifest injustice. Thus, if—as the Court has assumed—the Plaintiffs intended to move for a reconsideration of the Court's previous order (DE 22), that request is denied.

### III. Motion to Remand

A defendant may remove a state court matter to federal district court pursuant to 28 U.S.C. § 1441 if the district court properly has federal question jurisdiction. The removing party bears the burden of establishing that the district court would have had original jurisdiction if the non-moving party had chosen to file the action in federal court in the first instance. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. App'x 463, 468 (6th Cir. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). The question of jurisdiction is determined at the time of removal, and application of the removal statute should be strictly construed and all doubts resolved in favor of remand. *Id.* (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) and *Eastman*, 438 F.3d at 550).

The parties in this case have placed the Court in an odd position in evaluating whether to remand this matter to state court. Plaintiffs' motion (DE 24)—as Defendants point out—irrelevantly addresses diversity jurisdiction, which is not the basis for the Court's jurisdiction here, and mostly consists of passages plagiarized from an online outline produced by a law firm. (DE 28 at 2 n.1.) Plaintiffs' supplemental memorandum mentions personal jurisdiction, which is also not at-issue, and then briefly discusses Magnuson-Moss. (DE 25.)

At the same time, neither of Defendants' responses deal with the reality that Parkplace pointed out in its Answer (DE 4 at 9 ¶ 7): Plaintiffs cannot assert a Magnuson-Moss claim here because a manufactured home is not a consumer product. *See Bennett v.*

3

*CMH Homes, Inc.*, 770 F.3d 511, 515 (6th Cir. 2014) (finding that a manufactured home is not a "consumer product" covered by Magnuson-Moss). Thus, Parkplace and SE Homes oppose remand to state court on the basis of federal question jurisdiction flowing from Plaintiffs' Magnuson-Moss claim, although they know or should know such a claim is foreclosed here by Sixth Circuit precedent. Presumably, Defendants would prefer to let the issue lie until they have both feet planted firmly in federal court, at which point they will surely attack the Magnuson-Moss claim but implore the Court to use its discretion to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. *See Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012) ("[S]upplemental jurisdiction does not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed."); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

This posture raises similar—but not identical—issues to those confronted by the Sixth Circuit in *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007), in which a factual issue regarding subject-matter jurisdiction was intertwined with the merits of a claim. In *Gentek*, the Sixth Circuit advised that where a question of "subject-matter jurisdiction also implicates an element of the cause of action . . . the district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Gentek*, 491 F.3d at 330 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). However, here—unlike with the coating material at issue in *Gentek*—there is no factual issue as to whether a manufactured home is a "consumer product" that can support a claim under Magnuson-Moss—the Sixth Circuit has already determined that it is not. *Bennett*, 770 F.3d at 515.

4

The Court prefers to conserve the time and resources of the parties by confronting this issue now rather than later. As this is a complicated issue, the Court also wants to give the parties an opportunity to weigh in. Thus, Plaintiffs' current motion to vacate and remand is denied, and the Court asks the parties to submit new briefs addressing the issues identified in Section III above and proposing an appropriate course of action for the Court. Defendants SE Homes and Parkplace may file a single joint brief or separate briefs according to their preferences.

## IV.

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion to vacate and remand (DE 24) is **DENIED WITH PREJUDICE (as to the reconsideration issue)** and **DENIED WITHOUT PREJUDICE (as to the remand issue)**; and

(2) The parties **SHALL FILE** updated briefs as directed no later than February 18, 2022.

This 5th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY