UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| ALVIN HUBBARD, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PARKPLACE HOMES, LLC, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 6:20-194-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court following the submission of the additional briefing ordered by the Court regarding the effect of Plaintiffs' Magnuson-Moss claim on Plaintiffs' motion to remand. Defendants Southern Energy Homes ("SE Homes") (DE 38) and Parkplace Homes (DE 33) and Plaintiffs (DE 32) having filed their briefs, the matter is now ripe for the Court's review. For the reasons set forth herein, the Court will retain jurisdiction of this matter rather than remand to Knox Circuit Court at this time.

I.

The facts of this case were outlined in the Court's previous opinion and order (DE 30), but the Court will recount them here. This action arises out of a dispute between Plaintiffs Alvin and Jenny Hubbard and Defendants SE Homes and Parkplace Homes over Parkplace's sale to Plaintiffs of a home manufactured by SE Homes. (DE 1.) Plaintiffs originally filed a complaint in Knox Circuit Court in January 2020 alleging what appear to be breach of contract and negligence claims against Parkplace. (DE 1-1.) Plaintiffs filed a First Amended Complaint in February 2020 (DE 1-2), followed by a Second Amended Complaint in September 2020 (DE 1-8), which added as defendants 21st Mortgage Corporation and SE

1

Homes (identified as "CMH Manufacturing, Inc."). The Second Amended Complaint alleges various torts and other state law claims, as well as a claim under the Magnuson-Moss Warranty Act. 15 U.S.C. §§ 2310, *et seq.* After the Second Amended Complaint was filed, Parkplace removed the action to this Court on the basis of federal question jurisdiction flowing from the Magnuson-Moss claim. (DE 1.)

Almost a month after removal, Plaintiffs filed an "Objection" to the notice of removal. (DE 5.) Following the "Objection," 21st Mortgage filed a motion to dismiss (DE 12)—to which Plaintiffs did not respond—and Plaintiffs filed a stipulation stating that they would not seek or accept an amount of damages in excess of $49,999.99, exclusive of interest and costs. (DE 19.) The Court dismissed 21st Mortgage as a defendant and found that Plaintiffs' "Objection" did not constitute a motion for remand. (DE 22.)

In August 2021, Plaintiffs filed a motion (DE 24) to vacate the Court's order dismissing 21st Mortgage and remand the case to Knox Circuit Court for lack of jurisdiction. SE Homes and Parkplace responded to the motion (DEs 27, 28) and Plaintiffs declined to reply. The Court construed Plaintiffs' "motion to vacate" as a motion for reconsideration of an interlocutory order and denied that motion with prejudice. On the issue of remand, the Court ordered the parties to file additional briefing on the effect of *Bennett v. CMH Homes, Inc.*, 770 F.3d 511, 515 (6th Cir. 2014), a case in which a Sixth Circuit panel found that a manufactured home was not a "consumer product" covered by the Magnuson-Moss Act. Because the jurisdictional analysis for purposes of determining whether removal was proper was somewhat intertwined with a merits determination as to Plaintiffs' Magnuson-Moss claim, the Court wanted the benefit of briefing by the parties as to that specific issue, which had not been addressed in the parties' initial round of briefing. The parties have provided that briefing, and the Court can now complete its analysis.

## II.

A defendant may remove a state court matter to federal district court pursuant to 28 U.S.C. § 1441 if the district court properly has federal question jurisdiction. The removing party bears the burden of establishing that the district court would have had original jurisdiction if the non-moving party had chosen to file the action in federal court in the first instance. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. App'x 463, 468 (6th Cir. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). The question of jurisdiction is determined at the time of removal, and application of the removal statute should be strictly construed and all doubts resolved in favor of remand. *Id.* (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) and *Eastman*, 438 F.3d at 550).

## III.

The Plaintiffs' operative complaint—their Second Amended Complaint (DE 1-8)—contains a general Magnuson-Moss allegation not directed at any specific defendant. (DE 1-8 at 3 ¶ 11, 9 ¶¶ 55–56.) Plaintiffs state that removal was improper because they did not intend for their Magnuson-Moss allegation to apply to Parkplace, the defendant who removed the action to federal court.[1] (DE 32 at 1.) Plaintiffs also now state, contrary to the allegation in their Second Amended Complaint, that Magnuson-Moss does not apply to manufactured homes. (DE 32 at 2.) Meanwhile, Defendant SE Homes is in the odd position of defending Plaintiffs' Magnuson-Moss claim—as a theoretical matter, they claim, not on the merits (DE 38 at 3)—arguing that *Bennett* does not apply to all manufactured homes and leaves open the possibility that certain manufactured homes can be consumer products covered by Magnuson-Moss. Specifically, SE Homes points to language in *Bennett* considering the "size, construction, and permanence" of the manufactured home in that case and the fact that it

---

[1] Parkplace was the defendant that removed the action because they were the only defendant who had been properly served at the time of removal. (DE 1 at 6.)

3

was constructed on the site and not a "house-trailer" or "mobile home designed to be moved." *Bennett*, 770 F.3d at 515–16. SE Homes thus argues for an interpretation of *Bennett* requiring a factual determination of the manufactured home at issue rather than the broad interpretation of *Bennett* suggested by the Court. (DE 30 at 4.)

As the Court has previously stated, the Sixth Circuit has advised that where a question of "subject-matter jurisdiction also implicates an element of the cause of action . . . the district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). SE Homes has now put forward one reasonable interpretation of *Bennett* and laid out details factually distinguishing the manufactured home in this case from the manufactured home in *Bennett*, sufficient for the Court to find that Plaintiffs pled a plausible Magnuson-Moss claim. (DE 38 at 3–9.) While Plaintiffs seem now to reject their Magnuson-Moss claim, the Court must analyze jurisdiction at the time of removal. And, at the time of removal, Plaintiffs' Second Amended Complaint included a Magnuson-Moss claim, which confers federal question jurisdiction if the total amount in controversy is equal to or greater than $50,000. *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 757 (6th Cir. 2008).

In their notice of removal, Defendants attempt to calculate the amount in controversy by noting that Plaintiffs seek (1) cancellation of a Consumer Loan Note, Security Agreement, and Disclosure Statements with a principal balance of $104,169.02; (2) a judgment for the sum of all payments Plaintiffs have made on their home, allegedly $130,000; (3) the unspecified value of Plaintiffs' work on the home; and (4) interest, attorneys' fees, costs, injunctive relief, incidental damages, consequential damages, and other equitable and just relief. (DE 1 at 4–5.) Plaintiffs also appear to seek a judgment requiring Defendants to convey title to the manufactured home to Plaintiffs free and clean of all liens and

4

encumbrances. (DE 1-8 at 10.) These prayers for relief would clearly exceed the $50,000 amount in controversy jurisdictional threshold. However, Plaintiffs have filed a stipulation that "they will not seek or accept an amount of damages in this litigation in excess of $49,999.99, exclusive of interest and costs." (DE 19.) This stipulation is difficult to square with the relief requested in the complaint.

Generally, the amount claimed by the plaintiff in the complaint determines the amount in controversy. *Heyman*, 781 Fed. App'x at 469 (citing *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000)). Thus, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). However, in Kentucky, Kentucky Rule of Civil Procedure 8.01 requires that pleadings for unliquidated damages "not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court."

In response to this limitation, federal courts have recognized that a plaintiff may stipulate post-removal to a claim less than the federal jurisdictional amount where the plaintiff provides specific information about the amount in controversy for the first time. *Heyman*, 781 Fed. App'x at 469 (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)). Such a stipulation is considered a *clarification* of the plaintiff's intent rather than a *change* in the amount sought by the plaintiff. *Id.* at 470 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). Here, Plaintiffs included in the prayer for relief section of their Second Amended Complaint several items that are readily calculable, e.g., "Cancellation of the Contract and Consumer Loan Note, Security Agreement, and Disclosure Statement" (allegedly $104,169.02); "A Judgment . . . in the sum of all payments Plaintiffs have made on the Quad plus the cost of all work performed on the Quad by Plaintiffs . . . " (allegedly $130,000); and "A Judgment requiring Defendants to convey

5

title to the Quad to Plaintiffs free and clean of all liens and encumbrances" (allegedly valued at $216,000). (DEs 1-8 at 9–10, 4 at 13, 4-1 at 4.) Thus, Plaintiffs' post-removal stipulation represents a *change* rather than a *clarification* of the amount in controversy. Because the demands in Plaintiffs' operative complaint at the time of removal met and exceeded the $50,000 threshold for Magnuson-Moss claims, removal was proper.

In sum, at the time of removal, Plaintiffs' operative complaint alleged a Magnuson-Moss claim and demanded relief of at least $50,000, as necessary to confer federal question jurisdiction. While the Sixth Circuit in *Bennett* found that a manufactured home was not a consumer product covered by Magnuson-Moss, Defendant SE Homes has presented a plausible argument distinguishing the facts of this case from the facts of *Bennett*. As such, the Court will find that jurisdiction exists and deal with the merits of Plaintiffs' Magnuson-Moss claim as necessary in the normal course. *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330.

**IV.**

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED that:

(1) Plaintiffs' motion to remand (DE 24) is DENIED**;**

(2) Plaintiffs' motion for a scheduling order (DE 36) is DENIED AS MOOT; and

(3) Within thirty-one (31) days from the entry of this Order, the parties, by counsel, shall confer and submit an updated Joint Report of Planning so that the Court can enter a Scheduling Order.

This 2nd day of May, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6