UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ALVIN HUBBARD, et al., <br>     Plaintiffs, <br> v. <br> PARKPLACE HOMES, LLC, et al., <br>     Defendants. | CIVIL ACTION NO. 6:20-194-KKC <br><br> **OPINION AND ORDER** |

*** *** ***

This matter is before the Court on defendant Parkplace Homes, LLC's motion for default judgment (DE 59) on its counterclaims and defendant Southern Energy Homes, Inc.'s[1] motion to clarify or amend the Court's previous order entering default on Parkplace's counterclaims. (DE 61). For the following reasons, the Court will grant the motion for default judgment and dismiss plaintiffs Alvin and Jenny Hubbard's (Hubbard) claims.

I.

This action arises out of a dispute over Parkplace's sale to Hubbard of a home manufactured by SE Homes. This matter was removed to this Court in September 2020 after Hubbard added a federal claim under the Magnuson-Moss Warranty Act. (DE 1). Almost a month after removal, Hubbard filed an "Objection" to the notice of removal (DE 5), which the Court considered and found did not constitute a motion for remand. (DE 22). In August 2021, Plaintiffs filed a motion (DE 24) to vacate the Court's order and to remand the case for lack of jurisdiction. SE Homes and Parkplace responded to the motion (DEs 27, 28) and Hubbard declined to reply.

---

[1] Southern Energy Homes, Inc. has been improperly designated in plaintiffs' amended complaint as "CMH Manufacturing, Inc." All references to CMH on docket activity should properly reference Southern Energy Homes.

The Court construed Plaintiffs' "motion to vacate" as a motion for reconsideration of an interlocutory order and denied that motion with prejudice. (DE 30). The Court ordered additional briefing on the remand issue and denied that motion on May 2, 2022. (DE 43).

On May 19, Hubbard's original attorney moved to withdraw and the Court tentatively granted, contingent on Hubbard retaining new counsel within 60 days. (DEs 44, 45). After 60 days and no response, the Court ordered Hubbard's counsel to file a status report within 21 days regarding her representation and whether Hubbard intended to proceed pro se. (DE 50). The Court stated that the matter would be dismissed if this deadline expired.

On August 11, with no response from Hubbard, defendant Parkplace moved for entry of default on its counterclaims. (DE 51). The Court ordered Hubbard's counsel to show cause within 14 days why she had not complied with the Court's orders and why the Court should not enter default against the plaintiffs. (DE 53). Again, the Court warned that failure to timely respond would result in dismissal of Hubbard's claims for failure to prosecute. Seventeen days later, Hubbard's counsel notified the Court that she successfully served Hubbard with her notice of withdrawal. (DE 54). The Court indicated that Hubbard was now proceeding pro se. (DE 55).

More than a month passed with no response from Hubbard. On October 4, the Court granted Parkplace's motion for entry of default as to their counterclaim. (DE 57). On October 12, Parkplace filed a motion for default judgment. (DE 59). On November 1, after numerous failed attempts, service of the Order of Default, Parkplace's Motion for Default and Default Judgment, and Parkplace's Counterclaim was finally effected on Hubbard. (DE 62). At the time, the plaintiffs were presumed to still be proceeding pro se. The next day, attorney John Combs filed a notice of appearance on behalf of the plaintiffs. (DE 63). Hubbard has filed no response to the motion for

default judgment. It has now been over a month since that motion was filed, and three weeks since Mr. Combs filed his notice of appearance.

II.

The Court will first address Parkplace's motion for default judgment. Default judgment must be entered "on the plaintiff's request, with an affidavit showing the amount due . . . against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" if the amount is for a sum certain. Fed R. Civ. P. 55(b)(1). Where the defaulting party has appeared, the plaintiff "must apply to the court for a default judgment" and "that party or its representative must be served with written notice of the application at least 7 days before the hearing" on the default judgment. Id. at (b)(2). Default judgment may also be entered as a sanction for not obeying a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C).

"A defaulting party effectively admits all well-pleaded allegation in the complaint, excluding allegations relating to unliquidated damages." *Joe Hand Promotions, Inc. v. Wigglesworth*, No. 5:19-CV-82-CHB-MAS, 2020 WL 5580157, at *1 (E.D. Ky. Aug. 18, 2020) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Still, the Court must exercise discretion in granting default judgment and should consider factors including (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

Having considered the aforementioned factors in light of the record, the Court finds that default judgment is warranted. Parkplace's allegations in its counterclaim, and supporting exhibits, establish Hubbard failed to make payments on the Note that Parkplace holds on the manufactured

home at issue in this litigation. (*See* DE 4, Counterclaim & Ex. 1-6). Hubbard is in default on the Note and Parkplace has properly exercised its right to accelerate under the Note and Security Agreement. (*Id.*) Hubbard has failed to respond to the entry of default and the motion for default judgment. It has been five weeks since the latter. Apart from the filings related to Hubbard's first attorney's withdrawal, Hubbard has failed to file anything in this matter in nearly nine months. The Court notes that John Combs filed a notice of appearance for Hubbard on November 2, but has not filed any motions, responses, or status reports in 19 days. It has now been 40 days since Parkplace filed its motion for default judgment. At this point, any action other than granting the default judgment would severely prejudice Parkplace.

As to issue of damages, the Court finds that the amount at issue in Parkplace's counterclaim is for a sum certain and that no evidentiary hearing is required. When evidence on the record establishes liquidated damages, no hearing is necessary. Liquidated damages "are those made certain or fixed by agreement of parties, or by operation of law." *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 414 (6th Cir. 2006). Here, where the damages are clearly established by financial contracts, including a promissory note, security agreement, a hearing is unnecessary. *See States Res. Corp. v. Williamson Fam. Foods, Inc.*, No. CV 21-53-DLB, 2022 WL 1229279, at *2 (E.D. Ky. Apr. 26, 2022); *see also Joe Hand Promotions*, 2020 WL 5580157, at *2 (citations omitted) ("Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court.").

Accordingly, Parkplace's motion for default judgment will be granted for the amount of $223,493.76—the principal and interest amount of the loan.

### III.

Next the Court considers defendant SE Homes's motion to clarify or amend the Court's order for default. (DE 61). SE Homes argues, accurately, that the Court did not dismiss Hubbard's claims for failure to prosecute when it ordered entry of default on Parkplace's counterclaims (DE 57)—even though the Court warned Hubbard in its prior order that all claims would be dismissed were they unable to show cause. (*See* DE 53). SE Homes moves the Court to amend its previous order of default to additionally dismiss all claims Hubbard has against SE Homes and Parkplace. The Court will treat this motion as one for involuntary dismissal for failure to prosecute pursuant to FRCP 41(b). The motion will be granted.

"Rule 41(b) confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the rules or any order of the court. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Courts consider the following four factors to determine whether dismissal for failure to prosecute is warranted: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id*. "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. Dismissal for failure to prosecute is indeed a harsh sanction, but the standard should be "greatly relaxed" when a case is dismissed without prejudice because "the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

Hubbard's failure is willful and egregious. Since the Court denied Hubbard's motion to remand on May 2, Hubbard has taken no action in this case. The only movement on plaintiffs's side came from their former attorney withdrawing from the case. Hubbard's first attorney advised them that she would seek withdrawal following the Court's ruling on the motion to remand. (DE 44). Hubbard took close to six months to retain new counsel. During that time, Hubbard was completely absent from the litigation, failing to respond to the Court's various orders. (*See* DEs 45, 50, 52, 53, 56).

This inaction has prejudiced both Parkplace and SE Homes. Both defendants have continued expending resources attempting to defend against this action. Further, Hubbard has been warned repeatedly that failure to prosecute will result in dismissal. (*See* DEs 53, 56). Moreover, Hubbard has allowed both motions before the Court to languish for over a month, and has allowed an entry of default to sit unchallenged for longer. The Court notes that Hubbard appears to have found new counsel. But that counsel filed a notice of appearance over two weeks ago and has made no efforts to respond to the entry of default, the motion for default judgment, or the Court's various warnings of potential dismissal. Plaintiffs have not so much as filed a simple status report notifying the Court that they intend to prosecute this action. The Court has been more than patient. Less drastic sanctions would be of no use at this point.

## VI.

Accordingly, the Court hereby ORDERS

(1) that defendant Parkplace Homes, LLC's motion for default judgement (DE 59) is GRANTED and

(2) that defendant Southern Energy Homes, Inc.'s motion (DE 61), construed as a motion for dismissal pursuant to FRCP 41(b), is GRANTED and Hubbard's claims are DISMISSED WITHOUT PREJUDICE.

This 21st day of November, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY